IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SELVIN ABEL MORALES MONROY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )    1:25-cv-02057 (RDA/LRV) |
| KRISTI NOEM, *et al.*, | ) |
| | ) |
| Respondents. | ) |

ORDER

This matter comes before the Court on Petitioner Selvin Abel Morales Monroy ("Petitioner") Petition for Writ of Habeas Corpus (Dkt. 1) seeking release from Immigration and Customs Enforcement ("ICE") custody or a bond hearing before an Immigration Judge. Petitioner argues that he is detained under 8 U.S.C. § 1226(a) rather than under § 1225(b)(2), and that this ongoing detention violates his due process rights, and he requests that this Court order that he be granted a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a). Respondents oppose the Petition and assert that Petitioner was properly detained under 8 U.S.C. § 1231(a)(2), because he is subject to a final order of removal. Dkt. 7. For the reasons set forth below, the Petition is DENIED.

I.  BACKGROUND

Petitioner is a native and citizen of Honduras and entered the United States on or around 2014. Dkt. 1 at 11. Petitioner has been detained since November 13, 2025, and is being held at the Chantilly Holding Facility. *Id.*

On November 16, 2025, Petitioner initiated this proceeding. Dkt. 1. On November 18, 2025, this Court set a briefing schedule. Dkt. 2.

On November 24, 2025, Respondents filed an Opposition to the Petitioner. Dkt. 7. In the

Opposition the Respondents report that: (i) Petitioner was first encountered by Customs and Border Protection ("CBP") in 2014 near the Rio Grande Valley, Texas. *Id.* at 5. On June 28, 2014, Petitioner was issued a Notice to Appear charging him with being inadmissible to the United States. *Id.* A hearing before an Immigration Judge ("IJ") was then scheduled for Baltimore, Maryland -- where Petitioner indicated he was travelling – on September 26, 2014. *Id.* On September 26, 2014, Petitioner failed to appear. *Id.* at 6. Subsequently, the IJ issued an order directing Petitioner be removed to Honduras. *Id.* Petitioner did not file a motion to reopen. *Id.* When Petitioner was encountered on November 13, 2025, he was detained pursuant to the final order of removal. *Id.*

On November 26, 2025, Petitioner filed a Reply. Dkt. 8. Petitioner argues that there is not a valid executable final removal order and that, because Petitioner has expressed reasonable fears, he should be referred for a reasonable fear interview. *Id.* Petitioner also makes an argument that his detention violates the principles in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.*

On December 30, 2025, Petitioner filed a Second Reply, noting that he had filed a Motion to Reopen. Dkt. 9.

On January 8, 2026, Petitioner filed a Notice of New Exhibit providing proof of his motion to reopen. Dkt. 10.

On January 26, 2026, Petitioner filed a Request for a Status Update. Dkt. 11. In his Request, Petitioner reiterates the arguments that he previously made. *Id.*

On January 27, 2026, Petitioner filed an Amended Request for a Status Update. Dkt. 12.

Now that this matter has been fully briefed and is ripe for disposition, the Court dispenses with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).

## II.  LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243.  "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III.  DISCUSSION

As a threshold matter, this Court has jurisdiction to consider Petitioner's habeas challenge to his detention as neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's detention.  *See Luna Quispe v. Crawford*, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

On September 26, 2014, the IJ determined that Petitioner's "failure to appear and proceed with any applications for relief from removal constitutes an abandonment of any pending applications." Dkt. 7-2 at 2.  Accordingly, the IJ ordered that Petitioner "shall be removed to **HONDURAS**." *Id.* (emphasis in original).  Petitioner does not contest that there is "a 2014 in-absentia removal order." Dkt. 8.  Section 1231 requires detention of aliens who are subject to an administratively final order of removal.  *See* 8 U.S.C. §§ 1231(a)(1), (2).  Where, as here, an alien has been ordered removed in absentia, the order becomes final "immediately upon entry of such order." 8 C.F.R. § 1241.1(e).  Furthermore, pursuant to Section 1231(a)(2)(A), the Attorney General is required to aliens subject to a final order of removal.  8 U.S.C. § 1231(a)(2)(A).

3

Although the removal period is generally ninety (90) days, Section 1231 provides that the removal period may be extended in certain circumstances. *Id.* § 1231(a)(6). And, after the passage of ninety (90) days, the Department of Homeland Security ("DHS") may release an alien if DHS determines that he "will not pose a danger to the community or to the safety of other persons or to property or a significant risk of flight pending such alien's removal." 8 C.F.R. § 241.4(d)(1). After Respondents noted the in-absentia order of removal, Petitioner filed a motion to reopen on December 29, 2025. Dkt. 9. This does not obviate the existence of the order of removal. Petitioner has submitted no authority suggesting that the motion to reopen changes the statute governing Petitioner's detention. Accordingly, because Petitioner is detained pursuant to Section 1231, Petitioner is not entitled to a bond hearing pursuant to Section 1226 and the Petition will be denied in this regard.

Petitioner also seeks a bond hearing pursuant to the Supreme Court's decision in *Zadvydas*. In *Zadvydas*, the Supreme Court determined that indefinite detention under Section 1231 would raise "serious constitutional concerns" and construed the statute to contain "an implicit 'reasonable time' limitation, which is subject to federal-court review." 533 U.S. at 682. But, the Supreme Court also found that there was a "presumption" that detention for six months was reasonable and that, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Here, Petitioner has been detained since November 13, 2025, which is significantly shorter than the six-month period recognized in *Zadvydas*. Dkt. 1 at 11. Accordingly, Petitioner's *Zadvydas* challenge is premature

4

and will be denied without prejudice.[1]

## IV.  CONCLUSION

For all of the reasons above, the Petition (Dkt. 1) is DENIED; and it is

FURTHER ORDERED that the Court's Order prohibiting Respondents from removing

Petitioner from this District is LIFTED, and the Court expresses no view as to whether some other

provision of law that may apply pursuant to efforts in Petitioner's immigration proceedings

precludes Petitioner's removal from this country.

The Clerk is directed to send copies of this Order to all counsel of record and to place this

matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
February 2, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[1] Petitioner raises additional arguments his various replies that are not raised in his Petition and, thus, Respondents were not fairly on notice of them.  In any event, Respondents provided some evidence that Respondents were taking steps to remove Petitioner in the reasonably foreseeable future.  Dkt. 7-1.  That Petitioner has subsequently taken steps that Petitioner alleges makes removal unlikely, does not make Petitioner's *Zadvydas* challenge ripe at this time.  Dkt. 9 at 3.  Furthermore, Petitioner does not provide any authority that any alleged excessive force during Petitioner's arrest provides an avenue for Petitioner to be released as opposed to providing Petitioner some other claim against Respondents.  Dkt. 9.  Accordingly, these other arguments, raised only in Reply, do not provide a separate basis to require a bond hearing for Petitioner.